J. S15033/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EARL JACKSON, | : | No. 3112 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 8, 2016,
in the Court of Common Pleas of Montgomery County
Criminal Division at Nos. CP-46-CR-0003537-2013,
CP-46-CR-0003844-2013

BEFORE:  BOWES, J., DUBOW, J. AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 06, 2017**

Earl Jackson appeals from the September 8, 2016 order dismissing his petition for relief filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> [Appellant] — then represented by William English, Esquire [(hereinafter, "Attorney English")] — appeared before the [trial court] on November 24, 2014, at which time he entered a negotiated guilty plea to one count of possession of marijuana with intent to deliver [("PWID")] (docketed at No. 3844-13) and one count of receiving stolen property (docketed at No. 3537-13).
>
> That same date, the [trial court] sentenced [appellant] in accordance with the terms of his plea agreement with the Commonwealth.  On No. 3844-

13, [appellant] received a sentence of four (4) years['] probation. On No. 3537-13, [appellant] received a concurrent sentence of three (3) years['] probation.

On December 4, 2014, [appellant] filed a post-sentence motion seeking to withdraw his guilty plea on the grounds that [Attorney] English had provided him with ineffective assistance of counsel. The [trial court] denied [appellant's] post-sentence motion by order dated December 16, 2014, on the basis that the claims raised were of a nature such that they were properly reserved for post-conviction collateral review rather than being raised by way of post-sentence motion.

[Appellant] did not file a direct appeal from his judgment of sentence.

On August 7, 2015, [appellant] — represented by Henry S. Hilles, III, Esquire — appeared before the [trial court] and stipulated to being in violation of the terms of his probation in both case No. 3844-13 and No. 3537-13. That same date, probation was revoked and new sentences were imposed. In case No. 3844-13, [appellant] was sentenced to not less than time served nor more than 12 months['] imprisonment, to date from January 13, 2015, with a consecutive 2 year probation. An identical concurrent sentence was imposed in case No. 3537-13.

On December 22, 2015, [appellant] — represented by Shannon K. McDonald, Esquire [(hereinafter, "Attorney McDonald")] — filed the instant timely petition pursuant to the [PCRA]. [Attorney] McDonald did not serve a copy of the petition directly upon the [PCRA court] and, for reasons unknown, [appellant's] petition was never forwarded to the [PCRA court] by the Montgomery County Clerk of Courts. The [PCRA court] thus did not become aware of the petition until August 9, 2016, when [Attorney] McDonald informed the [PCRA court] of its filing.

PCRA court opinion, 10/27/16 at 1-2 (citations and footnotes omitted).

On August 16, 2016, the PCRA court provided appellant with notice, pursuant to Pa.R.Crim.P. 907(1), of its intention to dismiss his petition without a hearing. Attorney McDonald filed a response to the Rule 907 notice on appellant's behalf on September 6, 2016. Thereafter, on September 8, 2016, the PCRA court dismissed appellant's petition without a hearing. This timely appeal followed on September 29, 2016.[1]

Appellant raises the following issues for our review:

1. Did the [PCRA] Court err in finding there were no material facts alleged in the Petition[,] which would have necessitated an evidentiary hearing to resolve the Petition and determining [appellant] was not entitled to relief based solely on the record?

2. Did the [PCRA] Court err in finding there was sufficient evidence on the record to determine [appellant] made a knowing, intelligent, and voluntary guilty plea?

Appellant's brief at 9.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*,

---

[1] On October 6, 2016, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On October 24, 2016, appellant filed a timely

102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Where the PCRA court has dismissed a petitioner's petition without an evidentiary hearing, as was the case here, we review the PCRA court's decision for an abuse of discretion. *See Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013), *cert. denied*, 135 S.Ct. 56 (2014) (citation omitted). Moreover,

> the right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (internal citations omitted).

―――――――――――――――

Rule 1925(b) statement, and the PCRA court filed its Rule 1925(a) opinion

Instantly, the crux of appellant's claims on appeal is that he was induced to enter an unknowing, unintelligent, and involuntary guilty plea due to Attorney English's purported ineffectiveness. Specifically, appellant contends that Attorney English failed to ensure that he was not intoxicated at the time he entered said plea and that he failed to properly investigate his case before advising him to plead guilty. (Appellant's brief at 19-21, 26, 28-29.) Appellant further contends that his guilty plea colloquy was defective because he was not informed of the nature of the charges against him or provided a factual basis for the guilty plea. (*Id.* at 24-28.) Appellant maintains that his ineffectiveness claims relating to the guilty plea hearing raised factual disputes entitling him to an evidentiary hearing. (*Id.* at 17-19.) We disagree.

In *Commonwealth v. Willis*, 68 A.3d 997 (Pa.Super. 2013), a panel of this court explained that the PCRA will provide relief to an appellant if ineffective assistance of counsel caused him to enter an involuntary guilty plea. *Id.* at 1001-1002. We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under Section 9543(a)(2)(ii) of the PCRA. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of

---

on October 27, 2016.

guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [a]ppellant was prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014), ***appeal denied***, 104 A.3d 523 (Pa. 2014) (citation omitted). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief **only if** the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Willis***, 68 A.3d at 1001-1002 (citation omitted; brackets in original; emphasis added).

This court has explained that in order to ensure a voluntary, knowing, and intelligent plea, the trial court, at a minimum, must ask the following questions during the guilty plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement

> tendered unless the judge accepts such agreement?

*Commonwealth v. Zeigler*, 112 A.3d 656, 660 (Pa.Super. 2015) (citation omitted); *see also* Pa.R.Crim.P. 590(C). Moreover, a defendant is bound by the statements that he makes during his plea colloquy. *See Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa.Super. 2011).

Upon review, we find that appellant's claim that he was induced to plead guilty because of Attorney English's purported ineffectiveness is belied by the record. On the morning of his November 24, 2014 guilty plea hearing, appellant executed a nine-page written guilty plea colloquy wherein he indicated he understood, *inter alia*, the nature of the charges to which he was pleading guilty, his right to a jury trial, and the fact that he is presumed innocent until found guilty. (Guilty plea questionnaire, 11/24/14 at ¶¶ 13-14, 16-20; certified record at 20.) Contrary to appellant's contention, the record further reflects that there was a factual basis presented for his guilty plea. During the written colloquy, appellant acknowledged that he had been informed of "all the things that a person must have done to be guilty of the crime or crimes to which you are pleading guilty[,]" and admitted to having done those things. (*Id.* at ¶¶ 14-15.) Appellant also agreed in this written colloquy to have the factual accusations contained within the affidavits of probable cause incorporated into the record and serve as the factual basis for his plea. (*Id.* at ¶ 36.) Lastly, appellant indicated that he was entering a guilty plea of his own free will and

understood that the trial court was not required to sentence him in accordance with the terms of the plea agreement. (*Id.* at ¶ 24, 28-30.)

This written guilty plea colloquy was entered into evidence during the November 24, 2014 guilty plea hearing. (*See* notes of testimony, 11/24/14 at 6.) During the oral colloquy, appellant expressly acknowledged that he was "not [] under the influence of drugs or alcohol[]" at the time of this hearing and understood the charges to which he was pleading guilty. (*Id.* at 4.) Appellant also testified that he had sufficient time to meet and discuss his case with Attorney English and that he was satisfied with his advice and representation. (*Id.* at 5-6.) Additionally, appellant indicated that he had reviewed the written plea colloquy with Attorney English, understood each question, and answered truthfully. (*Id.* at 6.)

The record further reflects that appellant was informed of the elements of the offenses to which he was pleading guilty — PWID and receiving stolen property — as well as the permissible ranges of sentences for each charge. (*Id.* at 4-5.) As noted, the written colloquy also contained the factual basis for his guilty plea set forth in the affidavits of probable cause, and appellant did not object to these affidavits being incorporated into the record to serve as the factual basis for his plea. (*Id.* at 7.)

Based upon the foregoing, we cannot agree that Attorney English's purported ineffectiveness induced appellant to enter an unknowing, unintelligent and involuntary guilty plea. "The law does not require that

[appellant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1192 (Pa.Super. 2010), ***appeal denied***, 9 A.3d 626 (Pa. 2010) (citation omitted). Accordingly, we affirm the September 8, 2016 order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2017